IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MARIA DEL CARMEN MEDINA TOVAR and ADRIAN ALONSO MARTINEZ,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>LAURA B. ZUCHOWSKI, Director, Vermont Service Center, United States Citizenship and Immigration Services; ALEJANDRO MAYORKAS, Secretary, Department of Homeland Security; and MONTY WILKINSON, Acting United States Attorney General,<br><br>　　　　Defendants. | 3:17-cv-00719-BR<br><br>OPINION AND ORDER |

PHILLIP JAMES SMITH
Nelson Smith, LLP
1123 S.W. Yamhill St.
Portland, OR  97205
(503) 224-8600

　　　　Attorneys for Plaintiffs

1 - OPINION AND ORDER

**SCOTT ERIK ASPAUGH**
Acting United States Attorney
**ALISON M. MILNE**
Assistant United States Attorneys
1000 S.W. Third Ave., Ste. 600
Portland, OR  97204
(503) 727-1000

**AARON S. GOLDSMITH**
Senior Litigation Counsel
Office of Immigration Litigation
P.O. Box 868
Washington, D.C. 20044
(202) 532-4107

  Attorneys for Defendants

**BROWN, Senior Judge.**

  This matter comes before the Court on the Application (#49) for Fees and Other Expenses Under the Equal Access to Justice Act[1] filed in the Ninth Circuit by Plaintiffs Maria del Carmen Medina Tovar and Adrian Alonso Martinez.  On July 14, 2021, the Ninth Circuit transferred Plaintiffs' Application to this Court for Attorney Fees resolution.  Order (#48).

---

[1] Plaintiffs filed AO 291, a two-page form titled Application for Fees and Other Expenses Under the Equal Access to Justice Act as their introductory cover sheets, but then attached (beginning with p.3) "Appellants' Application for Attorney Fees Pursuant to the Equal Access to Justice Act."  Because Plaintiff is only seeking attorneys' fees, the Court will refer to Plaintiffs' pleading as Application for Attorney Fees.

2 - OPINION AND ORDER

The Court has reviewed the pleadings filed by the parties and concludes the record is sufficiently developed and oral argument is not necessary.

For the reasons below, the Court **DENIES** Plaintiffs' Application for Attorney Fees.

## BACKGROUND

This is an action for judicial review of an administrative agency regulation pursuant to the Administrative Procedures Act (APA), 5 U.S.C. § 701, *et seq.*  On November 23, 2016, the United States Citizenship and Immigration Services (USCIS) denied Plaintiffs' U visa derivative status applications on the ground that Plaintiffs were not married as required by 8 C.F.R. § 214.14(f)(4) (the Regulation) at the time Plaintiff Medina Tovar initially applied for U visa status.  Plaintiffs filed this action against Defendants Laura B. Zuchowski, Director of the USCIS; Alejandro Mayorkas, Secretary of the Department of Homeland Security; and Monty Wilkinson, then Acting United States Attorney General, in their official capacities (hereinafter referred to as the government) to contest USCIS's denial of their applications.

On December 15, 2017, this Court granted the government's

3 - OPINION AND ORDER

Motion (#12) for Summary Judgment on Plaintiffs' claims, denied Plaintiffs' Motion (#15) for Summary Judgment, and concluded USCIS was within its authority to deny Plaintiffs' applications based on the Regulation.  Opin. and Order (#22).  *See also Medina Tovar v. Zuchowski*, No. 3:17-cv-00719, 2017 WL 6453345 (D. Or. Dec. 15, 2017).  Accordingly, on December 18, 2017, the Court entered Judgment (#24) in favor of the government and dismissed this case.

On January 29, 2018, Plaintiffs appealed the Court's Judgment.

On January 17, 2020, a panel of the Ninth Circuit Court of Appeals affirmed this Court's Judgment.  *See Medina Tovar v. Zuchowski*, 950 F.3d 581 (9th Cir. 2020).

On December 3, 2020, the Court of Appeals, *en banc*, reversed this Court's decision and concluded the Regulation "is invalid insofar as it requires a derivative U visa spouse to have been married to the principal petitioner when the application was filed."  *See Medina Tovar v. Zuchowski*, 982 F.3d 631, 637 (9th Cir. 2020).

On April 14, 2021, pursuant to the *en banc* Opinion and Mandate of the Ninth Circuit, this Court entered Judgment (#46) in favor of Plaintiffs and remanded this matter to USCIS for

4 - OPINION AND ORDER

further administrative proceedings regarding Plaintiffs' applications.

On May 25, 2021, Plaintiffs filed in the Ninth Circuit an Application for Attorney Fees pursuant to EAJA.  On June 24, 2021, the government filed its Response (#50) to Plaintiffs' Application.  Plaintiffs filed their Reply (#51) in further support of their Application on July 2, 2021.

## **STANDARDS**

Under EAJA, 28 U.S.C. § 2412(d)(1)(A), a plaintiff may recover attorneys' fees and costs in an action against the United States or any agency or official of the United States if "(1) the party seeking fees is the prevailing party; (2) the government has not met its burden of showing that its positions were substantially justified or that special circumstances make an award unjust; and (3) the requested [attorneys'] fees and costs are reasonable."  *United States v. Milner*, 583 F.3d 1174, 1196 (9th Cir. 2009)(citing 28 U.S.C. § 2412(d)(1)(A)).

"To be a prevailing party, the party must have received an enforceable judgment on the merits or a court-ordered consent decree."  *Milner*, 583 F.3d at 1196.  A prevailing plaintiff is not entitled to attorneys' fees under EAJA when the government's

5 - OPINION AND ORDER

positions were substantially justified.  *Li v. Keisler*, 505 F.3d 913, 918 (9th Cir. 2007).  In an EAJA case the government bears the burden of demonstrating the government's position was substantially justified even if the plaintiff is the prevailing party.  *Gonzales v. Free Speech Coal.*, 408 F.3d 613, 618 (9th Cir. 2005).  "The test for whether the government [was] substantially justified is one of reasonableness."  *Id.* at 618 (quoting *League of Women Voters of Cal. v. FCC*, 798 F.2d 1255, 1257 (9th Cir. 1986)).

The government "must have a reasonable basis both in law and in fact" for its litigation position.  *United States v. $100,348.00 in U.S. Currency*, 354 F.3d 1110, 1124 (9th Cir. 2004)(citing *United States v. 2659 Roundhill Drive*, 284 F.3d 1146, 1151 (9th Cir. 2002)).  *See also* 28 U.S.C. § 2412(d)(1)(A)(2)(D).

The government's position "'must be justified in substance or in the main,' – that is, justified to a degree that could satisfy a reasonable person."  *Gonzales*, 408 F.3d at 618 (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).  "Put another way, substantially justified means there is a dispute over which 'reasonable minds could differ.'"  *Gonzales*, 408 F.3d at 618 (citing *League of Women Voters*, 798 F.2d at 1257).

**DISCUSSION**

Plaintiffs seek recovery of attorneys' fees in the amount of $68,369.00.[2] Plaintiffs contend (1) they are the prevailing party in this action, (2) the government's position was not substantially justified, and (3) there are not any circumstances that make an award of attorneys' fees unjust.

The government, in turn, contends (1) its decision and litigation position were substantially justified on the ground that reasonable minds could disagree regarding interpretation of 8 U.S.C. § 1101(a)(15)(U))(the U visa statute), (2) an award of EAJA fees would be unjust under the special circumstances of this case, and (3) in the alternative, the amount of fees sought by Plaintiffs is unreasonable and should be reduced.

**I.   Plaintiffs are the prevailing party.**

The government does not contest Plaintiffs are the prevailing party in this matter.  Accordingly, the Court concludes Plaintiffs are the prevailing party in this litigation for purposes of the EAJA.

---

[2]   Plaintiffs sought attorneys' fees of $63,403.56 in their Application.  In their Reply, however, Plaintiffs seek additional fees of $4,965.94 for a total of $68,369.00.

7 - OPINION AND ORDER

**II.  The government's position was substantially justified.**

The Court notes the government's failure to prevail does not raise a presumption that its position was not substantially justified.  *See Oberdorfer v. Glickman*, No. CV-98-1588-HU, 2001 WL 34045732, at *3 (D. Or. Sept. 14, 2001)(citing *Bay Area Peace Navy v. United States,* 914 F.2d 1224, 1231 n.4 (9th Cir. 1990)).

Nevertheless, Plaintiffs contend the government's position was not substantially justified.  Plaintiffs assert the statutory term "accompanying, or following to join" in the U visa statute has been used consistently in immigration law to include a derivative family member as long as the family relationship was in existence at the time USCIS granted immigration status to the principal U visa applicant.  Plaintiffs point to that part of the *en banc* opinion in which the Ninth Circuit states:  "We are aware of no precedent predating 2005, and the agency has cited none, ruling that the phrase 'accompanying, or following to join,' either (a) referred to a time before the principal petitioner received an immigration benefit or (b) was ambiguous."  *Medina Tovar,* 982 F.3d at 636.  The Ninth Circuit held:

> [T]he statute clearly answers the relevant interpretive question:  to qualify for a derivative U visa as a spouse, a person need not have been married

8 – OPINION AND ORDER

>           to the principal applicant at the time the application
>           was filed, so long as the marriage exists when the
>           principal applicant receives a U visa.  Accordingly,
>           our analysis ends at *Chevron* step one, without resort
>           to step two.  [Citation omitted].  Title 8 C.F.R.
>           § 214.14(f)(4) is invalid insofar as it requires a
>           derivative U-visa spouse to have been married to the
>           principal petitioner when the application was filed.

*Id.* at 637.

The government contends both USCIS's decision and the government's litigation position were substantially justified on the basis that reasonable minds could differ regarding the U visa statute and, in addition, the litigation raised a novel or difficult legal question regarding interpretation of the U visa statute for which there was "an absence of precedent on point."  The government also contends Plaintiffs never asserted that USCIS failed to comply with its own regulations or that USCIS's decision was not supported by evidence in the record.  Instead, the government asserts, this case primarily involved a question of statutory construction as to whether the U visa statute established the time that a qualifying relationship must exist.  Thus, even though the Ninth Circuit ultimately concluded the Regulation was inconsistent with the U visa statute, the government contends it was substantially justified in its position.

9 - OPINION AND ORDER

This Court, the majority panel, and one dissenting judge in the *en banc* opinion considered the USCIS's reading of the U visa statute, agreed the statute does not expressly define the meaning of "accompanying, or following to join," and concluded that earlier uses of this phrase in other statutes arose in contexts unrelated to the present case.

The *en banc* majority concluded Congress "clearly thought about the timing question" when it included in the U visa statute a carve-out provision that a sibling may qualify for derivative U visa status if the sibling was not married and was under 18 years of age when the principal applied for a U visa. 982 F.3d at 637. The dissent, however, noted even though the majority's interpretation "is a possible interpretation of the statute, [] it is not the only or the most likely explanation of Congress's intent." *Medina Tovar*, 982 F.3d at 644.

Although a disagreement among judges does not *per se* establish the reasonableness of the government's position (*see, e.g., Oregon Natural Resources Council v. Madigan*, 980 F.2d 1330, 1332 (9th Cir. 1992)), the fact that multiple judges considered the USCIS's interpretation of the U visa statute reasonable suggests the government's decision and litigation position were substantially justified. *See, e.g., League of*

10 - OPINION AND ORDER

*Women Voters,* 798 F.2d at 1260 ("The constitutionality of the amended statute is a question upon which reasonable minds could differ, as evidenced by the five-four division in the Supreme Court"); *Bay Area Peace Navy,* 914 F.2d at 1231 ("The disagreement within this panel regarding the merits of the government's appeal further suggests that a finding of substantial justification is appropriate").  *See also Gonzales*, 408 F.3d at 619 ("By noting the lack of unanimity in the Ninth Circuit panel decision, the court implicitly acknowledged the significance of a split decision as an indicator of the reasonableness of the government's position.").

As noted, this case involved a novel legal issue that had not been addressed specifically by any other court, and different judges in this litigation construed the U visa statute differently.  The Court concludes on this record that the government's decision and its litigation position, viewed in the totality of the circumstances, was reasonable.  Accordingly, Plaintiffs are not entitled to attorneys' fees pursuant to the EAJA.

Inasmuch as the Court has concluded the government's position was reasonable, it is unnecessary for the Court to resolve whether special circumstances make an award of EAJA fees

11 – OPINION AND ORDER

unjust or whether the amount of fees sought by Plaintiffs is reasonable.

## **CONCLUSION**

For the reasons stated, the Court **DENIES** Plaintiff's Application (#49) for Attorney Fees.

IT IS SO ORDERED.

DATED this 23rd day of July, 2021.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States Senior District Judge

12 - OPINION AND ORDER